(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2177CV00454A

HURI PIERINA ......................., Plaintiff(s)

v.

NORTHEAST HOSPITAL CORPORATION ......................., Defendant(s)
A/K/A BEVERLY HOSPITAL

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon SHEILA E. MONE, ESQ, plaintiff's attorney, whose address is Bernheim Kelley Battista + Bliss, 4 Court Street Plymouth Mass. 02360, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at SALEM, MA either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the 1st day of July, in the year of our Lord two thousand twenty-two.

TRUE ATTEST COPY

DEPUTY SHERIFF
7-9-21

Clerk

(LS)

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20   , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5)):

_____

_____

_____

Dated:                    , 20   .         _____

N.B.   TO PROCESS SERVER:-
       PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
       THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT</u>.

|                                    |
|:----------------------------------:|
|                            , 20  . |

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.

Plaintiff(s)

v.

Defendant(s)

**SUMMONS**
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss                                             SUPERIOR COURT
                                                      C.A. No.:

Pierina Hari
    Plaintiff
v.                                                    **PLAINTIFF'S COMPLAINT
                                                      AND DEMAND FOR JURY TRIAL**
Northeast Hospital Corporation
a/k/a Beverly Hospital and
John Doe,
    Defendants

## PARTIES

1. The Plaintiff, Pierina Hari, is an individual residing at 22 Redcoat Drive, East Brunswick, Middlesex County, State of New Jersey and is the wife of Vijay Hari.

2. The Defendant, Northeast Hospital Corporation doing business as Beverly Hospital, 85 Herrick Street, Essex County, Commonwealth of Massachusetts, is a charitable corporation organized pursuant to the laws of the Commonwealth of Massachusetts and responsible for the safe operations of the Beverly Hospital, its agents, servants, and employees.

3. The Defendant, John Doe, is an agent, servant or employee of the Defendant, Beverly Hospital responsible for the safe operation of his washing and mopping activities.

## STATEMENT OF FACTS

4. On or about January 25, 2020, the Plaintiff, Pierina Hari, was visiting patient room 220 at Beverly Hospital, waiting for her mother to be discharged, and was lawfully on the premises of Beverly Hospital.

5. The Plaintiff, Pierina Hari, walked toward the lounge area of the room. In the lounge area, Plaintiff, Pierina Hari's left leg slipped in front of her while her right leg and right arm slipped behind her. Plaintiff, Pierina Hari immediately experienced excruciating pain and cried

out for help. The Plaintiff, Pierina Hari had landed hard on her right side including her right hand and shoulder and experienced severe pain in her entire left leg and hip.

6. While Plaintiff, Pierina Hari, lay screaming for help, she saw that the floor was slippery and wet. The condition of the floor was as a result of washing and mopping and the direct activity of the Defendant, Beverly Hospital, its agents, servants, and employees.

7. There were no warning signs, tape or cones cautioning Plaintiff, Pierina Hari about the wet and slippery condition of the floor, that had been recently mopped and washed, and she had no way to know the floor was wet until she slipped and fell.

8. Plaintiff, Pierina Hari remained hospitalized for six days. Her stay was complicated by the fact that her mother suffered a severe stroke while Plaintiff, Pierina Hari was undergoing treatment.

9. Plaintiff, Pierina Hari was transported via ambulance to her mother's hospital to make hospice arrangements and then transferred back to Beverly Hospital. It was extremely difficult both emotionally and physically.

10. The Defendant Beverly Hospital, its agents, servants and employees, were negligent by breaching its duty to visitors and patients to keep the premises in a reasonably safe condition free from defects and by failing to remedy and/or by failing to warn of the slippery and wet condition of the floor caused by mopping and washing activities resulting in severe injury to the Plaintiff, Pierina Hari.

11. Plaintiff, Pierina Hari suffered serious and permanent injuries as a direct and proximate result of the negligence of Beverly Hospital, its agents, servants, employees who failed to warn of the wet and slippery condition of the floor caused by washing activities, and/or remedy the condition of the floor.

12.     The negligence of the Defendant Beverly Hospital, its agents, servants, and employee was the direct and proximate cause of Pierina Hari's slip and fall that resulted in serious injuries including but not limited to ruptured left hamstring tendon and a torn labrum tear, tear in the right biceps and rotator cuff, and disc herniation in the lumbar spine, numbness, lateral calf sensation, cold, numbness and pressure sensation that causes great discomfort, stabbing pain in the left buttocks to the posterior thigh, low back pain, leg numbness, surgical intervention and the need for ongoing physical therapy and pain medication.

13.     Plaintiff, Pierina Hari's slip and fall was caused by the negligence of Beverly Hospital, its agents, servants, employee, in creating and allowing a dangerous condition to exist, by failing to warn of the dangerous condition, by failing to remedy the dangerous condition, and by failing to keep the hospital in a reasonably safe condition to all patients and visitors.

14.     At all times relevant herein, the Plaintiff, Pierina Hari, was using all due care.

15.     As a result of the negligence of the Defendant, Beverly Hospital, its agents, servants and employees, the Plaintiff, Pierina Hari was caused to suffer serious and permanent personal injury, scarring and disfigurement, incurred and continues to incur hospital and medical expenses for necessary medical attention, suffered and continues to suffer from a loss of earning capacity, has been unable to engage in her usual activities and has suffered and continues to suffer physical and mental pain, anxiety, fear, anguish and worry, all to her great detriment.

**WHEREFORE**, the Plaintiff, Pierina Hari, prays for judgment against the Defendant, Beverly Hospital, its agents, servants, and employees for her personal and bodily injuries, pain and suffering, loss of earnings and earning capacity and medical expenses as set forth herein together with interest and costs.

## **JURY DEMAND**

**Plaintiff respectfully demands a jury trial as to all counts and claims.**

                                  Plaintiffs, Pierina Hari and Vijay Hari
                                  By their Attorneys,

                                  _____
                                  Sheila E. Mone, *Esquire/Of Counsel* (BBO#634615)
                                  Walter Kelley, *Esquire/Partner* (BBO#670525)
                                  Bernheim, Kelley, Battista & Bliss LLC
                                  4 Court Street
                                  Plymouth, MA  02360
                                  (617) 420-1111

DATED: 4/20/2021

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1-88) | DOCKET NUMBER<br>2177CV00454 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Pierina, Hari vs. Northeast Hospital Corporation Also Known As Beverly Hospital | | Thomas H. Driscoll, Jr., Clerk of Courts |
| TO:<br>Sheila E Mone, Esq.<br>Sheila E. Mone<br>Bernstein Kelley Battista and Bliss LLC<br>Four Court Stteet<br>Plymouth, MA 02360 | | COURT NAME & ADDRESS<br>Essex County Superior Court - Salem<br>J. Michael Ruane Judicial Center<br>56 Federal Street<br>Salem, MA 01970 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                               DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 07/22/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 08/23/2021 | |
| All motions under MRCP 12, 19, and 20 | 08/23/2021 | 09/20/2021 | 10/20/2021 |
| All motions under MRCP 15 | 08/23/2021 | 09/20/2021 | 10/20/2021 |
| All discovery requests **and depositions** served and non-expert depositions completed | 02/17/2022 | | |
| All motions under MRCP 56 | 03/21/2022 | 04/18/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 08/16/2022 |
| Case shall be resolved and judgment shall issue by | | | 04/24/2023 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | | PHONE |
|---|---|---|---|
| 04/23/2021 | Jose Mejia | | (978)825-4800 |

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    SUPERIOR COURT
                                              DEPARTMENT
                                              CIVIL ACTION NO.

PIERINA HARI,                        )
    **Plaintiff**                    )
                                     )
v.                                   )
                                     )
NORTHEAST HOSPITAL CORPORATION       )
a/k/a  BEVERLY HOSPITAL,             )
    **Defendant**

### PLAINTIFF PIERINA HARI'S REQUEST FOR PRODUCTION OF DOCUMENTS FROM THE DEFENDANT, NORTHEAST HOSPITAL CORPORATION a/k/a BEVERLY HOSPITAL

## INSTRUCTIONS

Pursuant to Mass. R. Civ. P. 34, the Plaintiff, PIERINA HARI requests the Defendant, NORTHEAST HOSPITAL CORPORATION a/k/a BEVERLY HOSPITAL, to produce documents (as hereinafter defined) or other items that are hereinafter set forth for inspection and copying at 10:00 a.m. at the law offices of Plaintiff's Attorney Sheila E. Mone, Esquire, Bernheim, Kelley, Battista & Bliss, LLC, 4 Court Street, Plymouth, MA within the time set by the rules.

The Defendant may comply with this request by forwarding a copy of any documents or other items requested to counsel on or before the Production Date, *provided however*, the Defendant makes the appropriate designation as to the paragraph and subparagraph, if applicable, pursuant to which each document or other item is produced; if any document or other item is produced pursuant to more than one paragraph and/or subparagraph, the designation must so indicate.

This demand is to include all after-acquired documents of this type made reference to in the request. The plaintiff is, therefore, requested to update the production of documents by forwarding copies to counsel for the defendant or putting counsel for the defendant on notice as to any such newly acquired material.

If you claim any privilege or immunity from discovery with regard to any documents sought herein, then please provide the following information as to each document to which such claim is made:

    a) Its date;
    b) the name and address of its maker;
    c) the name and address of each person listed as an addressee;
    d) the name and address of each person who has seen or reviewed each such document;
    e) a brief description of its subject matter;
    f) the nature of the privilege or immunity claimed; and
    g) a summary of all facts and circumstances upon which such claim is based.

## DEFINITIONS

The following definitions apply to all discovery requests, unless otherwise ordered by the court:

**(1) Communication.** The term "communication" means the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise).

**(2) Document.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Mass. R. Civ. P. 34 (a). An earlier draft is a separate document within the meaning of this term.

**(3) Identify (With Respect to Documents).** When referring to documents, to "identify" means to give, to the extent known: (a) the type of document; (b) the general subject matter; (c) the date of the document; (d) the author or authors, according to the document; and (e) the persons to whom, according to the document, the document (or a copy) was to have been sent.

**(4) Parties.** The term "plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, and subsidiaries. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**(5) Person.** The term "person" means any natural person or any business, legal, or governmental entity.

**(6) Concerning.** The term "concerning" means referring to, describing, offering evidence of, or constituting.

**(7) Location of Documents.** If any or all documents requested herein are no longer in your possession, custody or control because of destruction, loss or any other reason, then do the following with respect to each and every document: (1) describe the nature of the document (e.g., letter or memorandum), (2) state the date of the document, (3) identify the persons who sent and received the original and a copy of the document, (4) state in as much detail as possible the contents of the document, and (5) state the manner and date of disposition of the document.

**(8) Attorney-Client Privilege, Work-Product Doctrine or other grounds.** If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of the attorney-client privilege, the work-product doctrine or other ground, then do the following with respect to each and every document: (1) describe the nature of the document (e.g., letter or memorandum), (2) state the date of the document, (3) identify the persons who sent and received the original and a copy of the document, (4) state the subject matter of the document, and (5) state the basis on which you contend you are entitled to withhold the document from production.

## REQUEST FOR PRODUCTION

1. Copies of all signed and/or unsigned statements recorded by mechanical and/or electronic means made by any witnesses to the incident alleged in the Plaintiff's Complaint that are in the possession of the Defendant, its agent, insurer or attorney or subject to its control.

2. Copies of any and all statements, signed or unsigned, and whether recorded by mechanical and/or electronic means, made by the Defendant or the Defendant's agents or employees, that relate directly or indirectly to this action and are in the possession of the Defendant, its agent, insurer or attorney or subject to its control.

3. Any and all statements of the Plaintiff and/or Defendant concerning the incident alleged in the Plaintiff's Complaint.

4. Any and all reports of investigators in the possession of or subject to the control of the Defendant, its agent, insurer or attorney.

5. Sketches, plans or diagrams of the scene of the incident alleged in the Complaint.

6. Photographs of the scene of the incident alleged in the Complaint.

7. All photographs of the Plaintiff.

8. Any and all incident reports written or prepared by any employee or agent of the Defendant concerning the incident referred to in the Complaint.

9. Any and all incident reports written or prepared by an employee or agent of the Defendant concerning any incident that took place in the restroom for the 24-hour period prior to the incident referred to in the Complaint.

10. All notes, correspondence, memoranda or other documents between the Plaintiff and the Defendant or the Defendant's agents or employees.

11. All records, notes and other documents that demonstrate, refer to or mention in any way the times when patient room 220 was inspected by any agent or employee of the Defendant on or about January 25, 2020, and the identity of such agent or employee.

12. All records, notes and other documents that demonstrate, refer to or mention in any way the times when there was mopping activity in patient room 220 on or about January 25, 2020.

13. All employee manuals, policies, procedures or other written documents that refer to, mention or in any way relate to the policies and/or procedure for mopping activities within the hospital.

14. All manuals, policies, procedures or other written documents that refer to, mention or in any way related to the procedure and protocol for all mopping and mopping activities within a patient's room specifically, room 220, and within the hospital generally.

15. All records that identify the individual(s) responsible for the mopping activities, cleaning, supervising and/or inspecting of any patient room, and specifically hospital room 220.

16. Copies of all insurance policies that may be available to cover part or all of any judgment that may be rendered in this action against the Defendant.

17. Copies of all reports of all experts including within your response any and all work papers, drawings, photographs or any other material the possession of the expert pertaining to work site safety at this job site.

18. Curriculum vitae of any and all experts you intend to call as a witness at the trial of this matter.

19. Any and all reports, correspondence, memoranda or similar documents to or from any and all experts you intent to call as a witness at the trial of this matter.

19. All documents that the Defendant intends to introduce at trial.

Plaintiff, Arnold Kennedy
By his Attorneys,

Sheila E. Mone, Esquire
Walter Kelley, Esquire
Bernheim, Kelley, Battista & Bliss, LLC
4 Court Street
Plymouth, MA
(617) 420-1111

DATED: July 1, 2021

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| ESSEX, SS. | SUPERIOR COURT<br>TRIAL DEPARTMENT<br>CIVIL ACTION NO.2177CV464 |

PIERINA HARI )
    Plaintiff )
     )
v. )
     )
NORTHEAST HOSPITAL CORPORATION, )
    a/k/a BEVERLY HOSPITAL )

### INTERROGATORIES PROPOUNDED BY THE PLAINTIFF, PIERINA HARI TO BE ANSWERED BY THE DEFENDANT, NORTHEAST HOSPITAL CORPORATION d/b/a BEVERLY HOSPITAL

Now comes the Plaintiff, Pierina Hari, and pursuant to Rules 26 and 33 of the Massachusetts Rules of Civil Procedure, demands that the Defendant answer the following interrogatories under oath. These interrogatories are deemed to be continuing, and any subsequently determined information or facts concerning the matters referred to herein require supplementary answers.

### DEFINITIONS

For the purpose of these interrogatories, the following words shall be deemed to have the following respective meanings as used herein:

1. "Documents" means all writings of any kind, including the originals and all nonidentical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including, without limitation, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, inter- and intraoffice communications, notations of any sort of conversations, notations of any telephone calls, meetings or other communications, bulletins, printed matter, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing); graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfilm, recordings, etc.); and any electronic, mechanical or electric records or representations of any kind (including, without limitation, tapes, cassettes, discs, records, etc.).

2. "You" or "your" means the Defendant and all other persons acting or purporting to act on your behalf.

3. "Identify," when used in reference to a business, firm, partnership, association or corporation, means to state its business name and present address, as well as the names and present addresses of the principals, owners, participants, partners, officers or employees.

4. "Identify," when used in reference to an individual person, means to state his or her full name, present home address, present or last known business address, present or last known position or business affiliation and his or her position and business affiliation at the time these interrogatories are directed to him or her.

5. "Identify," when used in reference to a document, means to state an author or addressor, type of document or some means of identifying the document, the recipients of all copies of the document and its present location or custodian. If any such document was, but no longer is, in possession of the Defendant or subject to its control, state what disposition was made of it. In lieu of such identification, the

Defendant may furnish, simultaneously with the filing of its answers to these interrogatories, such documents for inspection and copying by Plaintiff's attorneys at their office, 4 Court Street, Plymouth, MA 02630.

6. "Date of the incident" means January 25, 2020.

7. "Site of the accident" means the Room 2220 at Beverly Hospital, 85 Herrick Street, Beverly, Massachusetts.

## INTERROGATORIES

1. Please identify yourself fully, giving your full name, age, residence, employment or business relationship with the above-captioned Defendant.

2. Please identify the Defendant, Northeast Hospital Corporation d/b/a Beverly Hospital, giving its legal name, address, type of business entity (partnership, corporation, etc.) and place of incorporation if it is a corporation, and identify the owner or majority shareholder.

3. Please identify each individual that you have consulted with or have received information from with respect to answering these Interrogatories.

4. Please identify the person who was in charge of the management, supervision and/or cleaning of the premises, specifically Patient Room 220, on January 25, 2020 and whether there existed rules or protocols with respect to cleaning and mopping activities.

5. For each employee, agent or officer who was in Patient Rooom 220, on January 25, 2020, please provide the following:

    a. the name, address, phone number and job title of each individual;

    b. the date the person was hired, and the name, address and job title of the person who hired that individual;

    c. whether the person is still employed by the Defendant and, if not, the date and reason the employment was terminated;

    d. the name, address and job title of the person who was the individual's immediate supervisor on the date of the incident;

    e. a description of the duties and responsibilities that person was required to perform on the date of the incident; and

    f. the hours worked on the date of the incident.

6. Please give a full and detailed description of the site of the accident.

7. Please describe in detail any warnings or signals, either written or oral, placed or posted at the area of the accident or given to the Plaintiff prior to the alleged occurrence.

8. If any of the employees, agents or officers of the Defendant were at the scene of the alleged accident just before, during and/or just after the alleged accident, please answer the following:

    a. Identify each such employee, agent or officer.

    b. For each such employee, agent or officer, as set forth in subpart (a) above, please describe what the person saw and heard with respect to the alleged accident.

    c. For each such employee, agent or officer, as set forth in subpart (a), above, please describe any conversations between the Defendants and the Plaintiff at the time of the alleged accident.

    d. Please state the actions taken by any employee, agent or officer of the Defendant in assisting the Plaintiff on the date of the alleged accident.

9. Please set forth each conversation that occurred between the Plaintiff and any employee, agent or officer of the Defendant at any time following the alleged accident.

10. State whether there is any insurance agreement in existence, and the contents thereof, relating to coverage that might satisfy in whole or in part any judgment the Plaintiff may obtain in this action against the Defendant, or that will indemnify or reimburse the Defendant for payment to satisfy such judgment, and, if so, identify the name and address of the company providing such insurance coverage and state the types and amounts of such coverage.

11. Did any employee, agent or officer of the Defendant prepare, submit or make any written statement or report of the alleged occurrence and, if so, state the date and matter of any such written statement or report, and the substance and contents of any such written statement or report.

12. Please state whether any agent, servant or employee took any photographs, pictures, diagrams or sketches of the location where this accident occurred that purport to depict the scene of the accident at the time it occurred. If so, state and, if so, state the the name and address of the individual who did so, and where said items are now located.

13. Please state the names and addresses of any and all witnesses to the accident and identify any statements made by these witnesses to the Defendant or its agents, employees or servants.

14. Please state in full the name and address of each person whom you expect to call as an expert witness on behalf of the Plaintiff in the above matter, including as to each person the nature of his specialization.

15. With respect to each expert witness whom you expect to be called for testimony on behalf of the Defendant at trial, please state, specifying separately as to each expert:

    a. the substance of the facts and opinions to which each such expert is expected to testify, and

    b. a summary of the grounds for each opinion of each such expert.

16. If you claim that the incident complained of in Plaintiff's Complaint was caused in part or entirely by the Plaintiff's own negligence, please describe what act or acts on the part of the Plaintiff constituted said negligence.

17. Please state the names and addresses of any and all witnesses you intend to have testify at trial of this action.

18. Please state whether an incident report concerning the accident was ever prepared by any agent, servant or employee and, if so, state the name and address of the person or persons who prepared the report, the date of the report and the substance or the contents of the report.

19. Please state specifically at what times on the day of the incident Patient Room 220 was inspected by any employees, agents or servants of the Defendant, the name and address of such employees and the condition of Patient Room 220 at the time of the inspection.

20. Please identify all times on the day of the incident when Room 220 was cleaned and identify by whom it was cleaned and what was cleaned.

21. Please state specifically at what time and on what days Patient Room 220 was inspected and/or cleaned by any employees, agents or servants of the Defendant, the name and address of such employees and the condition of Patient Room 220 at the time of the inspection and cleaning for the time period one months prior to the incident.

20. If it is your contention that some other condition, entity or person is responsible for the condition of the floor that plaintiff alleges is the cause of the plaintiff's fall, kindly state your basis for this contention.

Plaintiff, Pierina Hari
By her Attorney,

Sheila E. Mone, Esquire (BBO#634615)
Bernheim, Kelley, Battista & Bliss LLC
4 Court Street
Plymouth, MA 02630
(617) 865-3704

DATE: July __, 2021